## OHIO COURTS OF APPEAL—Continued

No. 822

PITTSBURG TIN PLATE v. GOODMAN

Ohio Appeals, 2d District, Franklin County
Decided October 20, 1923

166. ERROR.

Absence of bill of exceptions is predicate for motion to dismiss error proceedings.

BY THE COURT.

Epitomized Opinion

A motion was filed to the petition of the Pittsburg Tin Plate Co., and sustained. Error was prosecuted to the Court of Appeals. Although affidavits were filed in support and against this motion in the lower court, no bill of exceptions was filed containing this evidence. A motion was filed by the defendants to dismiss the error proceedings. In sustaining this motion, the court held:

1. As a bill of exceptions was necessary to review the evidence, a motion to dismiss the proceeding in error must be sustained upon the ground that there was no error subject to review.

Attorneys—S. L. Black, C. C. Middleswart and M. G. Evans, for Pittsburg Tin Co.; Timothy S. Hogan and M. R. Patterson, for Goodman.

No. 823

NEILL v. COMMISSIONERS (Franklin County)

Decided Oct. 19, 1923

166. ERROR.

Where special and general findings are reconcilable on one issue, other errors in the findings are not necessarily prejudicial—Where there is no evidence of defective construction of highways, no error is committed by court in taking question from jury.

ALLREAD, J.

Epitomized Opinion

Lucy Neill brought an action for personal injuries against the County Commissioners of Franklin county. She was a passenger in an automobile which overturned on one of the roads in Franklin county. The negligence charged in the petition was the failure to keep the road in proper repair and defects in the original construction. The evidence disclosed that the car in which plaintiff was riding slopped off the side of the road while attempting to pass another car going in the opposite direction. There was another automobile parked along one side of the highway near this passing point which somewhat interferred with the two automobiles passing each other. The evidence showed that the paved portion of the road was about 16 feet in width and constructed according to approved plans. The trial judge took away from the jury the question of faulty construction, but submitted to the jury the question whether the road had been kept in proper repair. As the jury returned a verdict for the defendant, plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where the general and special findings of the jury can be reconciled upon the issue of proximate cause, the general verdict must be sustained although error might have occurred upon other issues.

2. As there was no evidence of faulty construction, no error was committed by the trial court in taking this question from the jury.

Attorneys—F. S. Monnett, for Neill; King and Benoy, for County Commissioners.

No. 824

MILLER v. STATE

Ohio Appeals, 2d District, Miami County
No. 159.   June 12, 1923

225. INTOXICATING LIQUORS.

Jurisdiction (227-1) for violation of liquor laws limited to county where possession was given.

KUNKLE, J.

Epitomized Opinion

Miller, who was employed by a state prohibition officer, went with one Thomas, who was ignorant of Miller's said employment, in Thomas' automobile, to Preble county to obtain some whiskey. Miller secured a quart and two pints of whiskey, gave the two pints to Thomas and after their return to this county turned the quart over to the prohibition officer who then found the two pints in Thomas' automobile and had Thomas arrested and fined for the unlawful possession of liquor. Thomas then filed an affidavit before the mayor of West Milton in this county charging Miller with giving away and possession intoxicating liquor. Miller was found guilty in the mayor's court and fined $100 and this judgment was affirmed in the Common Pleas. Miller brings error proceedings to this court. Held:

This prosecution is based wholly on the giving away and the possession by Miller of the two pint bottles. The quart bottle being turned over to the officers is not involved. The transaction as to the two pint bottles was wholly completed in Preble county. The mayor of West Milton therefore had no jurisdiction to hear the case. The mayor of West Milton therefore had no jurisdiction to hear the case. Judgment reversed and cause dismissed.

Attorneys—Charles M. Earhart, for Miller; F. C. Goodrich, for State.